# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **MULTIPLAYER NETWORK INNOVATIONS, LLC,** *Plaintiff,* v. **TENCENT HOLDINGS LIMITED, and TENCENT AMERICA, LLC,** *Defendants.* | Civil Action No. _____ **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Multiplayer Network Innovations, LLC ("MNI" or "Plaintiff"), by and through its counsel, for its complaint against Defendants Tencent Holdings Limited and Tencent America, LLC (collectively, "Defendants"), alleges as follows:

## BACKGROUND

1. MNI holds U.S. Patent No. 5,618,045 (the, "MNI patent" or the, "'045 patent"), a patent invented by Dr. Michael Kagan and Ian Solomon.

2. Dr. Kagan is a noted scholar and inventor. He holds a PhD in chemistry from Hebrew University in Jerusalem and is the author of numerous books and journal articles relating to technology, chemistry, and religion. Dr. Kagan's articles have been published in the journals including Nature and the Journal of Medicinal Chemistry.

3. Dr. Kagan is the inventor of ten United States patents.

4. Ian Solomon is an inventor and entrepreneur who is the co-founder of medical device makers SteadyMed Therapeutics, Inc. and Aespira Ltd.

5. During the mid-1990's, Dr. Kagan and Mr. Solomon conceived of a way for electronic devices to communicate with one another for the playing of computer games.

6. Dr. Kagan and Mr. Solomon's idea was conceived in part against the backdrop of the conflict in the Middle East.  The idea was to use wirelessly connected gaming devices to open up channels of communication between people with divergent views.

7. Among Dr. Kagan and Mr. Solomon's inventions are inventions relating to the use of a device to enable two or more people to play a game over a wireless network.

8. Dr. Kagan and Mr. Solomon's inventions have useful applications to fields such as video gaming hardware and software, smartphone hardware and software, and casino gaming hardware and software, among others.

9. Leading technology companies including Microsoft Corporation, Apple, Inc., Intel Corporation, Google Corporation, and Samsung Electronics Co. Ltd. have cited the MNI patent numerous times.

10. Over 325 issued United States patents cite the MNI patent.

11. Plaintiff is the owner by assignment of the MNI patent.  The MNI patent is entitled "Interactive Multiple Player Game System and Method of Playing a Game Between at Least Two Players."  The MNI patent issued on April 8, 1997, based on a patent application filed on February 8, 1995.  A true and correct copy of the MNI patent is attached hereto as Exhibit A.

## PARTIES

12. Plaintiff is a Texas limited liability company.

13. On information and belief, Defendant Tencent Holdings Limited is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business located at Tencent Building, Kejizhongyi Avenue, Hi-tech Park, Nanshan District, Shenzhen, 518057, the Peoples Republic of China.

14. On information and belief, Defendant Tencent America, LLC is a Delaware limited liability corporation with its principal place of business at 661 Bryant Street, Palo Alto, CA 94301.

## JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have established minimum contacts with the forum state of Texas. Defendants, directly and/or through third-party intermediaries, make, use, import, offer for sale, and/or sell products within the state of Texas, and particularly within the Eastern District of Texas. Thus, Defendants have purposefully availed themselves of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

17. On information and belief, Defendants offer their video game products to residents of Texas via websites accessible to residents of Texas.

18. On information and belief, Defendants sell, advertise and market their video game products to residents of Texas through the websites qqgame.qq.com and www.wechat.com which are accessible to residents of Texas.

19. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendants are subject to personal jurisdiction in this District, have transacted business in this district and have committed acts of patent infringement in this district.

## COUNT I
### (Infringement of U.S. Patent No. 5,618,045)

20. Plaintiff MNI realleges and incorporates by reference paragraphs 1-19 above, as if fully set forth herein.

21. Defendants make, use, sell, and offer for sale in the United States products and/or services for multiplayer gaming.

22. Defendants have infringed and continue to infringe the MNI patent by, among other things, making, using, offering for sale, and/or selling multiple player games and/or services covered by one or more claims of the MNI patent. Such products and/or services include, by way of example and without limitation, games for the QQ Games and WeChat platform including: QQ血战麻将 ("Mahjong"), QQ五子棋, ("Backgammon"), and QQ欢乐斗地主 ("Landlords"), the use of which are covered by one or more claims of the MNI patent, including but not limited to claim 8. By making, using, offering for sale, and/or selling such products and services covered by one or more claims of the MNI patent, Defendants have injured MNI and are liable to MNI for infringement of the MNI patent pursuant to 35 U.S.C. § 271(a).

23. Defendants have infringed indirectly and continue to infringe indirectly the '045 patent by active inducement under 35 U.S.C. § 271(b).

24. Upon information and belief, Defendants have had knowledge of the '045 patent since at least as early as being served with this complaint.

25. On information and belief, Defendants have intended and continue to intend to induce patent infringement by third-party users of mobile games and have had knowledge that the inducing acts would cause infringement or have been willfully blind to the possibility that their inducing acts would cause infringement. For example, Defendants provide access to multiple player games using the QQ Games and WeChat platform, as well as instructions on how to download and play the games in a manner that infringes the '045 patent to end users. By downloading and/or playing these games in the manner taught by Defendants, end users directly infringe the '045 patent. By continuing to provide these games as well as instructions on how to download and play the games in a manner described in the '045 patent, Defendants have and continue to specifically intend to induce infringement of the '045 patent.

4

26. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '045 patent.

27. As a result of Defendants' infringement of the '045 patent, MNI has suffered monetary damages. MNI seeks an award of damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from this Court:

A. A judgment that Defendants have infringed one or more claims of the '045 patent;

B. An award of damages resulting from Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

C. A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to MNI, including, without limitation, prejudgment and post-judgment interest; and

D. Any and all other relief to which MNI may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

Dated:  October 13, 2014

Respectfully submitted,

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux
TX Bar No. 05770585
D. Jeffrey Rambin
TX Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Of Counsel:
Marc A. Fenster,
CA SB No. 181067
Dorian S. Berger
CA SB No. 264424
Daniel P. Hipskind
CA SB No. 266763
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: mfenster@rawklaw.com
E-mail: dberger@raklaw.com
E-mail: dhipskind@raklaw.com

*Attorneys for Plaintiff,*
*Multiplayer Network Innovations, LLC*